IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIDNEY L.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

**Civ. No. 1:21-cv-00277-MC**

**OPINION AND ORDER**

_____

**MCSHANE, Judge**:

Plaintiff Sidney L. was denied disability insurance benefits under Title II of the Social Security Act. He appeals to this Court, arguing the Administrative Law Judge ("ALJ") erred by discounting his symptom testimony and misconstruing his residual functional capacity ("RFC"). The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Commissioner of Social Security's ("Commissioner") decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

A reviewing court affirms the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1114–15 (9th Cir. 2021). "Substantial evidence is 'more than a mere scintilla

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. *Id.* § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner shows that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two here the ALJ found Plaintiff had the following severe impairments: history of diverticulitis, lumbar spine degenerative joint disease/degenerative disc disease, and obesity. Tr. 18. In formulating Plaintiff's RFC, the ALJ found Plaintiff capable of performing medium work, but limited Plaintiff "to no more than frequent stooping" and included that Plaintiff "needs to avoid concentrated exposure to hazards" and "needs easy access to bathroom facilities." Tr. 19. Based on the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could perform jobs that

exist in significant numbers in the national economy. Tr. 22–23. Accordingly, the ALJ determined Plaintiff was not disabled. Tr. 23.

**I. Plaintiff's Symptom Testimony**

Plaintiff argues the ALJ failed to give sufficient reasons for discounting his symptom testimony regarding the severity of his gastrointestinal issues and back pain. Pl.'s Op. Br. 5, ECF No. 10. Absent affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of his symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ considers several factors:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

An ALJ may properly discount symptom testimony where the claimant's statements at the hearing "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). If the ALJ's symptom evaluation is supported by clear and convincing reasons and

substantial evidence in the record, [this Court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff's gastrointestinal issues and worsening back pain began in 2012 after he was rear-ended in a car accident. Tr. 34, 36.  Following a visit to the hospital, Plaintiff developed stomach problems which caused him to have bowel movements five to six times every morning. Tr. 39, 45. Plaintiff worked as a coffee machine technician at the time, but his frequent bowel movements hindered his ability to perform his work. Tr. 38–39.  Plaintiff described having embarrassing accidents in public and finds it difficult to leave home due to his constant urge to go to the bathroom. Tr. 39–40. Plaintiff recently acted as a nursemaid for his terminally ill brother for six months, but sometimes could not tend to his brother in a timely manner due to his bowel movements. Tr. 41–42.

Regarding his back pain, Plaintiff explained that standing for more than a couple hours a day irritates his sciatica and causes lower back pain. Tr. 47. He could likely lift or carry 10 pounds throughout an eight-hour workday, but he could not be on his feet for six or eight hours a day. *Id.* Plaintiff also testified that his back pain slows him down when completing basic household chores. Tr. 48. Plaintiff saw a chiropractor off and on but did not seek consistent medical treatment for his back until 2014 due to lack of medical insurance. Tr. 46. He does not take medication and instead uses medical marijuana and alcohol to alleviate his pain. Tr. 44.  As a result of Plaintiff's combined gastrointestinal issues and back pain, Plaintiff eventually was unable to maintain full-time employment starting in 2015. Tr. 38–39. Plaintiff now works parttime repairing motorcycles in exchange for parts. Tr. 43.

The ALJ first discounted Plaintiff's testimony because the alleged severity of his symptoms is largely contradicted by the medical evidence. Tr. 20–21. The ALJ found Plaintiff's examinations

showed much greater mobility and strength than his testimony indicated. *Id*. Regarding Plaintiff's back pain, some imaging did show mild spondylosis and facet arthropathy in Plaintiff's lower lumbar spine. Tr. 251. At examination, however, the ALJ noted Plaintiff's normal gait, intact strength and speed, full range of motion, and no numbness or tingling. Tr. 21, 61–62, 257. As to Plaintiff's gastrointestinal issues, the ALJ stated "the record is devoid of much if any objective evidence showing there to be any ongoing problems related to diverticulitis." Tr. 21. The ALJ noted a trip to the emergency room for abdominal pain in 2012, as well as two courses of antibiotics over two years for Plaintiff's stomach issues. Tr. 21. While Plaintiff was treated for a hernia in 2016, medical reports confirm that his hernia was unrelated to his back pain and gastrointestinal issues. Tr. 49, 285–86. The ALJ further relied on Dr. Henderson's opinion that Plaintiff's bowel symptoms may be habitual or behavioral. Tr. 21, 257.

The ALJ next discounted Plaintiff's testimony because it contradicted his prior work experience and activities of daily living. Despite Plaintiff's allegations of restrictive back pain and frequent bathroom use, Plaintiff was a caretaker for his brother for several months, fixed motorcycles, and experienced little difficulty in caring for himself. Tr. 21, 41–43, 48. Plaintiff alleges a disability onset date in 2012 following his car accident, yet he testified that he continued working as a coffee machine technician until 2015 and maintained employment until 2016. Tr. 34–35, 38, 125. The ALJ found that Plaintiff's ability to engage in substantial gainful activity, care for himself and his brother, and continue working on motorcycles, all during the alleged disability period, severely undermined the credibility of his symptom testimony. Tr. 20–21.

Plaintiff first argues the ALJ failed to give clear and convincing reasons to discount Plaintiff's testimony regarding his gastrointestinal issues. Pl.'s Op. Brief 6. The Court disagrees because, as explained above, the ALJ relied on the near complete lack of objective evidence

supporting the severity of Plaintiff's bowel movement symptoms. Plaintiff points out that the ALJ only gave some weight to Dr. Henderson's opinion overall but relied on his opinion that Plaintiff's bathroom use may be behavioral. *Id.* The ALJ's reasoning here is not inconsistent as Plaintiff suggests. In discounting Plaintiff's symptom testimony, the ALJ did not rely solely on Dr. Henderson's opinion that Plaintiff's bowel symptoms were likely behavioral. Rather, the ALJ noted Dr. Henderson's statement as further support for her conclusion that the medical evidence fails to demonstrate severe gastrointestinal issues as alleged by Plaintiff.

Plaintiff also asserts that the ALJ failed to consider his lack of health insurance as a reason for his limited medical record. *Id.* This argument lacks merit. The Ninth Circuit has ruled that a claimant's "failure to receive medical treatment during the period he had no medical insurance cannot support an adverse credibility finding." *Orn v. Astrue*, 495 F.3d 625, 638 (2007). However, while Plaintiff did lack health insurance from 2012 to 2014, he testified that he regained insurance in 2014 and began seeing Dr. Maciel. Tr. 47, 50. The ALJ therefore did not err in finding a lack of medical evidence to support Plaintiff's symptoms when Plaintiff had access to medical treatment beginning in 2014.

Plaintiff next argues that the ALJ failed to explain how Plaintiff's activities of daily living are inconsistent with Plaintiff's testimony. Pl.'s Op. Br. 6. On the contrary, the ALJ found "the activities [Plaintiff] has been able to engage in despite his impairments do not support severe functional limitations." Tr. 21. The ALJ explained that despite Plaintiff's claims of debilitating back pain and near constant bathroom use, he was able to engage in substantial gainful activity as well as part-time work, care for himself and his brother, and repair motorcycles. The ALJ's reasoning sufficiently demonstrates how Plaintiff's activities of daily living are inconsistent with Plaintiff's symptom testimony.

## II. RFC

Plaintiff's final argument is that the ALJ's hypothetical question posed to the VE did not include all of Plaintiff's limitations. Pl.'s Op. Br. 8. Specifically, Plaintiff contends the ALJ should have included in Plaintiff's RFC not just Plaintiff's need for easy access to a bathroom, but also the time Plaintiff would need away from his workstation as a result of his frequent bathroom trips. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. However, only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001).

Plaintiff's argument is based on his contention that the ALJ improperly rejected his testimony regarding the severity of his gastrointestinal symptoms. As explained above, the ALJ properly discounted Plaintiff's symptom testimony because it was unsubstantiated by the evidence. Further, despite the lack of evidence supporting Plaintiff's gastrointestinal issues, the ALJ still included a limitation of jobs with "easy access to bathroom facilities." Tr. 19. Nothing in the record supports Plaintiff's additional suggested limits regarding time away from the workstation. Because Plaintiff's bathroom limitations were not supported by substantial evidence, the ALJ did not err in construing Plaintiff's RFC.

## <u>CONCLUSION</u>

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 19th day of August, 2022.

**_s/Michael J. McShane_____**
Michael J. McShane
United States District Judge